FILED
2024 JUL 26 PM 3:29
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ANDREW C. and PAIGE C., individually and on behalf of M.C., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE OXFORD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REOPEN CASE**<br><br>Case No. 2:18-cv-877-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs Andrew C. and Paige C., individually and on behalf of M.C., a minor, sued Defendant United Healthcare Oxford, asserting claims under the Employee Retirement Income Security Act arising out of Defendant's denial of Plaintiffs' claims for benefits under a health insurance plan. The parties later filed a stipulated motion to dismiss the action without prejudice after agreeing that Defendant would reconsider Plaintiffs' claims for benefits. *See* Dkt. No. 70. This court granted that motion. *See* Dkt. No. 71. Dissatisfied with Defendant's reconsideration of their claims, Plaintiffs move to reopen this case pursuant to Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 72. The court denies this motion.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" various enumerated reasons as well as for "any other reason that justifies relief." Plaintiffs rely on this "catch-all" provision here. "Relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (cleaned up). This type of relief is "difficult to attain and is appropriate only when it offends justice to deny such relief." *Morales v. Jones*, 480 F. App'x 898, 901 (10th Cir. 2012).

The court concludes that Plaintiffs have failed to meet the demanding standard for relief under Rule 60(b)(6). The court first notes that its dismissal of this action did not reflect a ruling

on the merits. Rather, the dismissal was stipulated and voluntary. Although the parties sought and obtained an order of dismissal from the court, no such order was necessary to effect the dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Had the parties complied with the provisions of Rule 41(a)(1)(A)(ii) instead of seeking an unnecessary judicial order, the relief Plaintiffs now seek would certainly be unavailable. In *Waetzig v. Halliburton Energy Services, Inc.*, the Tenth Circuit held that a case dismissed without judicial order under Rule 41(a)(1)(A) could not be reopened under Rule 60(b). *See* 82 F.4th 918, 919 (10th Cir. 2023). The court explained that, although "the dismissal may have brought a particular lawsuit with its own unique case number to a close, the overarching dispute between the parties [had] not been resolved." *Id.* at 926. It further emphasized that "no rights [had] been determined" and no party was "burdened by court action, a requirement for Rule 60(b) relief." *Id.* (cleaned up). It also noted that, because the voluntary dismissal was without prejudice, the plaintiff remained free to file another action asserting the same claims in the future. *See id.*

In this case, of course, the court did enter an order of dismissal at the parties' joint request. And it may well follow that the court technically has power to grant relief under Rule 60(b) given the entry of that order, even though that order was unnecessary to the dismissal of this case in light of the parties' stipulation. The court need not decide that question, however, because even if it has that power, it concludes that relief is unwarranted here. Although effected by judicial order, the voluntary nature of the dismissal weighs heavily against the requested relief. As in *Waetzig*, "the overarching dispute between the parties has not been resolved," and, because the stipulated dismissal was without prejudice, it left Plaintiffs free to file a new action challenging Defendant's denial of their claim for benefits. Further, given that no rights were determined by the court's perfunctory (and unnecessary) order blessing the parties' stipulated

dismissal, no party can fairly claim—as a practical matter at least—to have been burdened by that order. Even leaving aside these considerations, Plaintiffs have failed to demonstrate any "extraordinary circumstances" that would justify the relief they seek or that denial of that relief would "offend justice."

To be sure, Plaintiffs cite Judge Stewart's decision in *Graham O. v. United Behavioral Health* in support of its request to reopen this case. *See* No. 1:18-CV-31-TS, 2024 WL 170739 (D. Utah Jan. 16, 2024). That case is easily distinguishable, however. There the court remanded the plaintiffs' claims to the claims administrator for reconsideration after ruling on the parties' cross motions for summary judgment. *See id*. at *1. The order entered in that case (and subsequently reopened) thus reflected a judicial determination regarding the merits of the case that assuredly burdened the parties and determined rights (at least partially)—it did not simply bless a stipulated and voluntary dismissal by the parties. The same is also true of each of the cases cited by Judge Stewart in support of his ruling. *See id.* at *1, n.1.

By contrast, the facts presented here align with those addressed by Judge Campbell in *Neil W. v. Oxford Health Insurance Co.*, No. 2:19-cv-00201-TC-DAO, Dkt. No. 84. There Judge Campbell denied a motion to reopen the case, explaining that although the plaintiffs were "free to file a new action," they had neither "provided a reason justifying relief under Rule 60(b) of the Federal Rules of Civil Procedure" nor identified any "other cases that were reopened in similar circumstances." *Id.* at 1. The same appears to be true here as well.

For the foregoing reasons, Docket Number 72, Plaintiffs' Motion to Reopen, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of July, 2024.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge